UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCGEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-cv-01575-NAB |
| ) | |
| DENISE HACKER, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of a document filed by petitioner Kevin D. McGee that has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, petitioner will be ordered to file an amended petition on a Court form. He will also be directed to either file a motion for leave to proceed in forma pauperis or pay the filing fee.

### Discussion

Petitioner is a self-represented litigant who is currently in custody at the Southeast Missouri Mental Health Center in Farmington, Missouri. On November 4, 2020, he filed a document with the Court that is styled an "Objection to the [Ruling] of Consolidation," and purports to object to the consolidation of various state circuit court cases he has filed.[1] In the document, petitioner claims a violation of his fundamental rights, though he does not specify the nature of the violation,

---

[1] The cases are: (1) *McGee v. Stringer, et al.*, No. 17SF-CC00088 (24th Jud. Cir., St. Francois County) (petition for writ of habeas corpus dismissed on December 18, 2017; no appeal filed); (2) *McGee v. Moll, et al.*, No. 17SF-CC00089 (24th Jud. Cir., St. Francois County) (petition for writ of habeas corpus dismissed on December 18, 2017; no appeal filed); (3) *McGee v. Weible, et al.*, No. 17SF-CC00132 (24th Jud. Cir., St. Francois County) (42 U.S.C. § 1983 complaint dismissed without prejudice for failure to state a claim on July 18, 2017; no appeal filed); and (4) *McGee v. Inman, et al.*, No. 17SF-CC00133 (24th Jud. Cir., St. Francois County) (case consolidated with No. 17SF-CC00088 on July 19, 2017).

or provide a clear request for relief. (Docket No. 1 at 1). Attached to the document, is a notation indicating that petitioner wishes to seek release pursuant to Mo. Rev. Stat. § 552.040. (Docket No. 1 at 4).

Based on this, the Court has construed petitioner's action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, because the petition is not on a Court form, it is missing relevant procedural information about petitioner's case. In particular, it is unclear what state case petitioner is actually attempting to challenge, and the basis for that challenge. As such, the Court will direct the Clerk of Court to send to petitioner a copy of the Court's 28 U.S.C. § 2254 form. Petitioner must fill out the form in its entirety and return it to the Court. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Petitioner is advised that in filling out his § 2254 form, he must make clear the conviction that he is challenging. If petitioner is seeking conditional or unconditional release from confinement pursuant to Mo. Rev. Stat. § 552.040, he must demonstrate that he has exhausted his state court remedies before filing this action. *See Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996) (stating that a petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief).

Petitioner will be given thirty days in which to comply. Failure to submit an amended petition on a Court form within **thirty (30) days** will result in the dismissal of this action without prejudice and without further notice.

The Court notes that petitioner has also failed to either pay the filing fee or file a motion for leave to proceed in forma pauperis. The Court will direct the Clerk of Court to send to petitioner

a copy of the Court's motion to proceed in forma pauperis form. Petitioner will be given **thirty (30) days** in which to return the form or pay the filing fee. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's 28 U.S.C. § 2254 form.

**IT IS FURTHER ORDERED** that petitioner must file an amended 28 U.S.C. § 2254 petition within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner does not submit an amended petition within **thirty (30) days**, this action will be dismissed without prejudice and without further notice from the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's motion to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that petitioner shall either submit a motion for leave to proceed in forma pauperis or pay the filing fee within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to file a motion to proceed in forma pauperis or pay the filing fee within **thirty (30) days**, this action will be dismissed without prejudice and without further notice.

       NANNETTE A. BAKER
       UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of November, 2020.