# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01575-NAB |
| | ) | |
| DENISE HACKER, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Kevin D. McGee's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 7). Having reviewed the amended petition, and for the reasons discussed below, petitioner will be directed to show cause as to why this action should not be denied and dismissed for failure to exhaust state remedies and for being untimely.

## Background

Petitioner is a self-represented litigant who is currently being held at the Southeast Missouri Mental Health Center in Farmington, Missouri. On November 2, 2020, the Court received a handwritten document titled "Objection to the [Ruling] of Consolidation." (Docket No. 1). The document contained a state court caption and objected to the consolidation of various state court cases he had filed. (Docket No. 1 at 1). Attached to this document were various exhibits, including photocopies of Supreme Court cases, correspondence from the Clerk of Court regarding a separate federal case, and a letter from the Office of Chief Disciplinary Counsel. Also attached was a handwritten notation asking for conditional release from commitment by the Missouri Department of Mental Health. (Docket No. 1 at 4).

Based on this request, the Court construed the document as an attempt to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 17, 2020, the Court directed petitioner to file an amended petition on a Court-provided form. (Docket No. 4). He was also ordered to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Petitioner was given thirty days to comply.

On December 2, 2020, the Court received petitioner's amended petition, along with a motion for leave to proceed in forma pauperis. (Docket No. 7; Docket No. 8).

## The Amended Petition

In his amended petition, petitioner states that he pleaded not guilty by reason of insanity on June 8, 1988. (Docket No. 7 at 1). He explains that he had been charged with second-degree felony assault and third-degree misdemeanor assault in *State of Missouri v. McGee*, No. CR-587-1152. According to petitioner, he "ran with…the N.G.R.I. plea" because he was told that he would only serve six to eight months in a hospital.

The Court has been unable to find petitioner's criminal case on Case.net, Missouri's online case management system. This is likely because the case resulted in an acquittal by reason of insanity. Nevertheless, petitioner acknowledges that he never filed a direct appeal. (Docket No. 7 at 2).

In the amended petition, petitioner raises three grounds for relief. First, petitioner states that he experienced a "travesty of injustice," and that he faced "double jeopardy." (Docket No. 7 at 4). Specifically, he alleges that he was declared "crazy," then eight years later was sent to prison, and when he was released from prison, he was again committed based on his mental health. Second, petitioner states that he was entrapped and "enticed" by an individual named Mack McCoy. (Docket No. 7 at 7). From the amended petition, it is not entirely clear what role Mack

2

McCoy played in petitioner's case, but petitioner states that he worked "as a confidential informant" for McCoy. Finally, in ground three, petitioner states that he does "not concur with all the different [drugs] prescribed by different doctors." (Docket No. 7 at 8).

In the section of the form petition in which petitioner is asked to list his attorneys, petitioner instead asserts that he has a "game plan" following his release from the Southeast Missouri Mental Health Center. (Docket No. 7 at 11). He also indicates a desire to "go to court" to "rescind [his] original plea."

Petitioner states that he is seeking to pursue release under Mo. Rev. Stat. § 552.040, which is a Missouri statute governing the conditional and unconditional release of individuals from commitment in a state hospital. (Docket No. 7 at 12).

## Discussion

As noted above, petitioner is a self-represented litigant who is currently being held at the Southeast Missouri Mental Health Center. For the reasons discussed below, petitioner will be ordered to show cause as to why his amended petition should not be denied and dismissed for failure to exhaust state remedies. Furthermore, to the extent that petitioner is attempting to attack his original 1988 judgment, he will be ordered to show cause why his amended petition should not be denied and dismissed as time-barred.

### A. Exhaustion of State Remedies

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon

3

and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

The requirement that a petitioner exhaust his state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). This means that in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991).

4

Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id*.

In this case, petitioner appears to be asking the Court to grant him relief under Mo. Rev. Stat. § 552.040. The Court, however, cannot simply grant petitioner's request under a provision of state law. Rather, he must demonstrate that he is being confined in violation of the constitution, laws, or treaties of the United States. The vehicle for doing this is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, in order to seek § 2254 relief, petitioner has to first exhaust his state remedies. This means that petitioner must seek release pursuant to Mo. Rev. Stat. § 552.040 in state circuit court, and then appeal any adverse ruling to the Missouri Court of Appeals. Petitioner has not presented, and the Court has been unable to find, any indication that he has done this. Therefore, petitioner will be directed to show cause why this action should not be denied and dismissed for failure to exhaust state remedies.

### B. Timeliness

Petitioner appears to be challenging the fact that he has not been released from commitment by the Missouri Department of Mental Health. However, to the extent that petitioner is also attempting to challenge his original 1988 judgment, the amended petition appears untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). For judgments that were entered before the enactment of the AEDPA, there was a one-year grace period for the filing of postconviction relief actions. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). That grace period ended on April 24, 1997. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Here, petitioner's state court judgment occurred on June 8, 1988, before the enactment of the AEDPA. Thus, he would have had to file his 28 U.S.C. § 2254 petition by April 24, 1997 in order to be timely. The Court did not receive petitioner's initial filings in this case until November 2, 2020, more than twenty-three years after the one-year limitations period ended. Furthermore, the Court has found no indication that petitioner has tolled this period by filing a post-conviction action in state court. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005) (explaining that the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending). Indeed, in reviewing state court records, the only post-conviction actions found by the Court were filed long after his one-year limitations period had already expired.[1] *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (stating that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). For these reasons, if petitioner is attempting to challenge his 1988 judgment, this action is untimely. Therefore, he will be directed to show cause why this action should not be denied and dismissed as time-barred.

**C. Order to Show Cause**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. To the extent that petitioner is seeking conditional or unconditional release, there is no indication that petitioner has exhausted his state remedies. That is, petitioner has not shown that he has sought release pursuant to Mo. Rev. Stat. § 552.040, and appealed an adverse

---

[1] In reviewing Case.net, the Court found the following post-conviction actions: *McGee v. Stringer, et al.*, No. 17SF-CC00088 (24th Jud. Cir., St. Francois County) (filed May 2, 2017); *McGee v. Moll, et al.*, No. 17SF-CC00089 (24th Jud. Cir., St. Francois County) (filed May 2, 2017); *McGee v. Inman, et al.*, No. 17SF-CC00133 (24th Jud. Cir., St. Francois County) (filed June 30, 2017); and *McGee v. Schmidt*, No. 18SF-CC00026 (24th Jud. Cir., St. Francois County) (filed February 2, 2018). All four of these cases were filed well after petitioner's one-year limitations period ended on April 24, 1997).

decision to the Missouri Court of Appeals. Therefore, the Court will order petitioner to show cause, in writing and no later than thirty days from the date of this order, as to why this action should not be denied and dismissed for failure to exhaust state remedies.

Furthermore, with regard to any challenge to petitioner's 1988 judgment, it appears that such action is barred by the statute of limitations. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As a result, to the extent that petitioner is challenging his 1988 judgment, the Court will order petitioner to show cause, in writing and no later than thirty days from the date of this order, as to why such action should not be denied and dismissed as untimely.

### D. Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 8). Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing and within **thirty (30) days** of the date of this order as to why the Court should not deny and dismiss his amended petition for writ of habeas corpus for failure to exhaust state remedies and for untimeliness.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response within **thirty (30) days** will result in the denial of his amended habeas corpus petition and the dismissal of this action without further notice or further proceedings.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of December, 2020.