## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01575-NAB |
| | ) | |
| DENISE HACKER, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of the responses of petitioner Kevin D. McGee to the Court's show cause order of December 3, 2020. (Docket No. 10). Having reviewed the responses, and for the reasons discussed below, the Court will deny and dismiss the petition for failure to exhaust state remedies and because it is untimely.

### Background

Petitioner is a self-represented litigant who is currently being held at the Southeast Missouri Mental Health Center in Farmington, Missouri. On November 2, 2020, the Court received a handwritten document from petitioner titled "Objection to the [Ruling] of Consolidation." (Docket No. 1). The document contained a state court caption and objected to the consolidation of various state court cases he had filed. (Docket No. 1 at 1). Attached to this document were various exhibits, including photocopies of Supreme Court cases, correspondence from the Clerk of Court regarding a separate federal case, and a letter from the Office of Chief Disciplinary Counsel. Also attached was a handwritten notation asking for conditional release from commitment by the Missouri Department of Mental Health. (Docket No. 1 at 4).

Based on this request, the Court construed the document as an attempt to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 17, 2020, the Court directed petitioner to file an amended petition on a Court-provided form. (Docket No. 4). He was also ordered to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Petitioner was given thirty days to comply.

On December 2, 2020, the Court received petitioner's amended petition, along with a motion for leave to proceed in forma pauperis. (Docket No. 7; Docket No. 8).

In his amended petition, petitioner stated that he pleaded not guilty by reason of insanity on June 8, 1988. (Docket No. 7 at 1). He explained that he had been charged with second-degree felony assault and third-degree misdemeanor assault in *State of Missouri v. McGee*, No. CR-587-1152. According to petitioner, he "ran with…the N.G.R.I. plea" because he was told that he would only serve six to eight months in a hospital.

The Court was unable to find petitioner's criminal case on Case.net, Missouri's online case management system, likely because the case resulted in an acquittal by reason of insanity. Nevertheless, petitioner acknowledged that he never filed a direct appeal. (Docket No. 7 at 2).

The amended petition raised three grounds for relief. First, petitioner stated that he experienced a "travesty of injustice," and that he faced "double jeopardy." (Docket No. 7 at 4). Specifically, he alleged that he was declared "crazy," then eight years later was sent to prison, and when he was released from prison, he was again committed based on his mental health. Second, petitioner asserted that he was entrapped and "enticed" by an individual named Mack McCoy. (Docket No. 7 at 7). The amended petition does not make Mack McCoy's role entirely clear, but petitioner explained that he worked "as a confidential informant" for McCoy. Finally, in ground

three, petitioner stated that he did "not concur with all the different [drugs] prescribed by different doctors." (Docket No. 7 at 8).

In the section of the form petition in which petitioner was asked to list his attorneys, petitioner instead asserted that he has a "game plan" following his release from the Southeast Missouri Mental Health Center. (Docket No. 7 at 11). He also indicated a desire to "go to court" to "rescind [his] original plea."

Petitioner stated that he was seeking to pursue release under Mo. Rev. Stat. § 552.040, which is a Missouri statute governing the conditional and unconditional release of individuals from commitment in a state hospital. (Docket No. 7 at 12).

On December 3, 2020, the Court directed petitioner to show cause as to why his amended petition should not be denied and dismissed for failure to exhaust and for untimeliness. (Docket No. 10). Petitioner was given thirty days to file a written response. Subsequently, petitioner filed two separate documents with the Court. As the thirty-day period has expired, the Court will treat these filings as petitioner's responses.

**Petitioner's Show Cause Responses**

Petitioner's first response was received on December 14, 2020, in a document titled "Motion of Objection to [Respondent's Extension] of Time Order Being Granted." (Docket No. 11). The caption of the case indicated that it was to be filed in the Circuit Court of St. Francois County, Missouri. However, it included the case number for the instant action.

In the beginning of the motion, petitioner objects to the state court extending the respondent's time to respond in *McGee v. Stringer, et al.*, No. 17SF-CC00088 (24th Jud. Cir., St. Francois County) and *McGee v. Moll, et al.*, No. 17SF-CC00089 (24th Jud. Cir., St. Francois

County). (Docket No. 11 at 1). The Court notes that respondent has not been ordered to respond in the current case, much less requested an extension of time in which to respond.

Later in the motion, petitioner criticizes the Anti-Terrorism and Effective Death Penalty Act (AEDPA) as it relates to federal habeas corpus review. (Docket No. 11 at 2). Petitioner also claims that his constitutional rights have been violated because he has spent thirty-three years in an "asylum" for relatively minor crimes. (Docket No. 11 at 3). He requests relief under Missouri law, and asks to be allowed to move back to his family in Florida. (Docket No. 11 at 4).

The Court received petitioner's second response on December 17, 2020. (Docket No. 12). This response consists of a total of fifty-nine pages, encompassing various documents, including a portion of a prisoner civil rights complaint form under 42 U.S.C. § 1983; allegations concerning his present conditions of confinement; allegations concerning his initial criminal charges; court orders from different federal and state cases; a letter from the Office of Chief Disciplinary Counsel; and a treatment review form generated by the Southeast Missouri Mental Health Center.

As in his earlier response, petitioner again objects to the respondent receiving an extension of time in two of his state court cases. (Docket No. 12 at 7). He also repeats his criticisms of AEDPA as it relates to federal habeas corpus law. (Docket No. 12 at 8). Petitioner further restates that he would like to be released from commitment so that he can move back to his family in Florida. (Docket No. 12 at 10).

**Discussion**

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254. He is currently committed to the Southeast Missouri Mental Health Center, and appears to be seeking either conditional or unconditional release, and to be challenging his original 1988 judgment in which he was found not guilty by reason of insanity. On December 3, 2020, the Court

ordered him to show cause as to why his amended petition should not be denied and dismissed for failure to exhaust state remedies and for untimeliness. The Court has since received two responses, neither of which addresses these issues. As such, for the reasons discussed below, the Court will deny and dismiss this action.

### A. Exhaustion

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It

follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

The requirement that a petitioner exhaust his state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). This means that in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id*.

In this case, petitioner appears to be asking the Court to grant him relief under Mo. Rev. Stat. § 552.040. The Court, however, cannot simply grant petitioner's request under a provision of state law. Rather, he must demonstrate that he is being confined in violation of the constitution, laws, or treaties of the United States. The vehicle for doing this is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, in order to seek § 2254 relief, petitioner has to first exhaust his state remedies. This means that petitioner must seek release pursuant to Mo. Rev. Stat. § 552.040 in state circuit court, and then appeal any adverse ruling to the Missouri Court of Appeals.

Petitioner has not presented, and the Court has been unable to find, any indication that petitioner has taken these steps. The Court gave petitioner the opportunity to demonstrate that he had, in fact, filed the appropriate motion in state court, and then followed that with an appeal to

6

the Missouri Court of Appeals. Neither of petitioner's responses, however, provide any indication that he has complied with the exhaustion requirement. Therefore, to the extent that petitioner is seeking conditional or unconditional release, his amended petition must be denied and dismissed for failure to exhaust his state remedies.

### B.  Timeliness

Petitioner appears to be challenging the fact that he has not been released from commitment by the Missouri Department of Mental Health. However, to the extent that petitioner is also attempting to challenge his original 1988 judgment, the amended petition is untimely.

Under the AEDPA, Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). For judgments that were entered before the April 24, 1996 effective date of the AEDPA, there was a one-year grace period for the filing of postconviction relief actions. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). That grace period ended on April 24, 1997. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Here, petitioner's state court judgment occurred on June 8, 1988, before the enactment of the AEDPA. Thus, he would have had to file his 28 U.S.C. § 2254 petition by April 24, 1997 in order to be timely. The Court did not receive petitioner's initial filings in this case until November 2, 2020, more than twenty-three years after the one-year limitations period ended. Furthermore, the Court has found no indication that petitioner has tolled this period by filing a post-conviction action in state court. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005) (explaining that the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending). Indeed, in reviewing state court records, the only post-conviction actions found by the Court were filed

long after his one-year limitations period had already expired.[1] *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (stating that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Additionally, petitioner's responses to the Court's show cause order provide no basis on which to establish equitable tolling. Therefore, to the extent that petitioner is challenging his 1988 judgment, his amended petition must be denied and dismissed as untimely.

## C.  Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases for the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, to the extent that petitioner is seeking conditional or unconditional release, it is plainly apparent that he has not exhausted his state remedies. That is, despite being given the opportunity, petitioner has not established that he has sought such release in state court, and appealed an adverse ruling to the Missouri Court of Appeals. Therefore, with regard to conditional or unconditional release, the Court must deny and dismiss the amended petition for lack of exhaustion. *See* 28 U.S.C. § 2254(b)(1)(A).

Furthermore, to the extent that petitioner is challenging his 1988 judgment, it is plainly apparent that his amended petition is time-barred. As discussed in more detail above, petitioner's judgment occurred before the enactment of the AEDPA, meaning that he had until April 24, 1997 to file his petition. Over twenty-three years have elapsed since the expiration of that date. Moreover, petitioner has provided no basis on which to apply the doctrine of equitable tolling.

---

[1] In reviewing Case.net, the Court found the following post-conviction actions: *McGee v. Stringer, et al.*, No. 17SF-CC00088 (24th Jud. Cir., St. Francois County) (filed May 2, 2017); *McGee v. Moll, et al.*, No. 17SF-CC00089 (24th Jud. Cir., St. Francois County) (filed May 2, 2017); *McGee v. Inman, et al.*, No. 17SF-CC00133 (24th Jud. Cir., St. Francois County) (filed June 30, 2017); and *McGee v. Schmidt*, No. 18SF-CC00026 (24th Jud. Cir., St. Francois County) (filed February 2, 2018). All four of these cases were filed well after petitioner's one-year limitations period ended on April 24, 1997.

Therefore, with regard to any challenge to petitioner's original judgment, the amended petition must be denied and dismissed as untimely. *See* 28 U.S.C. § 2244(d)(1)(A).

### D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 7) is **DENIED AND DISMISSED** for failure to exhaust state remedies and for untimeliness. *See* 28 U.S.C. § 2254(b)(1)(A); and 28 U.S.C. § 2244(d)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of January, 2021.

9